# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

KENNETH C. McKNIGHT,

    Plaintiff,

vs.

NORTHERN NEVADA CORRECTIONAL CENTER, *et al*,

    Defendants.

3:09-cv-00757-LRH-VPC

**ORDER**

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 (#1-2). The court has screened the complaint and finds that some of the counts must be dismissed.

**I.   Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. Screening of the Complaint

Plaintiff sues defendants Warden James Benedetti, Dr. Mar, Dr. Johns, and Nursing Director John Perry. Plaintiff seeks monetary damages as well as injunctive and declaratory relief.

### A. Defendants

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]   . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has named the State of Nevada as a defendant in this action. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991)(citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). Nevada explicitly has retained its full eleventh amendment immunity. Nev.Rev.Stat. 41.031(3). Accordingly, the court will dismiss the State of Nevada from this action.

### B. Count I

Plaintiff claims that he suffers from an ongoing, active M.R.S.A. staph infection and has open wounds on his face, arms, neck, back, legs, and buttocks. Plaintiff claims that he has been denied treatment for his infection by Dr. Johns, Dr. Mar and John Perry.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id*.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

The court finds that count I states a colorable Eighth Amendment medical care claim against the referenced defendants.

### C.  Count II

In count II plaintiff claims that he is suffering severely from hypo-glycemic diabetes. He claims that he has been denied a glucometer for testing his blood sugar level, and has been denied

4

glucose for emergencies. He states that he has had such low levels that he lost consciousness and fell to the floor. He states that his condition has affected his eyes, kidneys, and feet, and has caused muscle cramps, shaking hands, and clogged arteries. He claims that he has been denied treatment by Dr. Johns, Dr. Mar and John Perry. The court finds that count II states a colorable Eighth Amendment medical care claim against the referenced defendants.

### D.   Count III

In count III, plaintiff claims that his Eighth Amendment rights have been violated because for the first six months at Northern Nevada Correctional Center, he was provided only one set of clothing. Plaintiff claims that he was told that he would not be receiving any replacement shoes and that the laundry lost his new clothing and then refused to replace it.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The court finds as a matter of law that the injuries plaintiff alleges do not present a substantial risk of serious harm. Thus, the court finds that count III fails to state a claim upon which relief can be granted.

### E.   Count IV

In count IV, plaintiff alleges that he was physically assaulted by nurse Sue at a doctor's visit on 6-16-08. Plaintiff also alleges that on the same date, he was subjected to nurse Sue's verbal abuse.

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for

5

the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7. The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. *Id.* Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. *Id.* That is, use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury. *Id.* at 9. Although an inmate need not have suffered serious injury to bring an excessive force claim against a prison official, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson*, 503 U.S. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id.* (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.)(*cert. denied sub nom. Johnson*, 414 U.S. 1033 (1973)). The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force. *Id.* at 9-10. The court finds that plaintiff's bare allegation that nurse Sue physically assaulted him is insufficient to state an Eighth Amendment excessive force claim. Mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Therefore, plaintiff's claim of verbal abuse is also insufficient to state a claim. Count IV will therefore be dismissed for failure to state a claim upon which relief can be granted.

F.   **Count V**

In count V plaintiff alleges that on 6-23-08, C/O Brown attempted to intimidate him and threatened to retaliate against him for pointing out nurse Sue's negligence. Verbal harassment is insufficient to state a claim pursuant to 42 U.S.C. § 1983. Count V will therefore be dismissed for failure to state a claim upon which relief can be granted.

///

6

### G. Count VI

In count VI, plaintiff alleges that Dr. Johns made light of his wounds and tried to make nurse Sue's assault sound justified. He also alleges that Dr. Johns threatened him with retaliation. Finally, he alleges that Dr. Johns denied and dismissed his request for soap. The court finds that plaintiff's claim of verbal harassment is insufficient to state a 42 U.S.C. § 1983. The court further finds that the bare allegation of a denial of a specific request for soap is insufficient to allege that deliberate indifference to a substantial risk of serious harm necessary to support an Eighth Amendment conditions of confinement case. Count VI fails to state a claim upon which relief can be granted.

### H. Count VII

In count VII, plaintiff alleges that he was verbally abused by John Perry at his visit with Dr. Johns. Plaintiff's claim of verbal harassment is insufficient to state a 42 U.S.C. § 1983 claim, and count VII fails to state a claim upon which relief can be granted.

### I. Count VIII

In count VIII, plaintiff alleges that on 7-3-08 he was denied band-aids and antibiotic ointment to clean and cover his "wounds," as well as his daily medication, Dr. Scott's prescription, and his "proper diet." The court finds as a matter of law that plaintiff's allegations cannot support a finding of deliberate indifference to serious medical needs. Accordingly, the court finds that count VIII fails to state a claim upon which relief can be granted.

### J. Count IX

In count IX plaintiff alleges that since entering the NDOC, he has been charged $8.00 every time he is required to see the doctor or dentist, or to receive medical treatment. There is no constitutional right to free medical care for incarcerated persons. Count IX fails to state a claim upon which relief can be granted.

### K. Count X

In count X, plaintiff alleges that on July 17, 2008, he passed out and fell to the ground, and no help was offered by prison employees who were watching. Plaintiff does not allege injury or lack of medical care. Count X fails to state a claim upon which relief can be granted.

### L. Count XI

In count XI, plaintiff alleges that he regularly is denied soap to clean his body and his one set of clothes for long periods of time, citing as an example one four day period. The court finds that plaintiff's allegations are insufficient to establish deliberate indifference to a substantial risk of serious harm. Count XI thus fails to state a claim upon which relief can be granted.

### M. Count XII

In count XII, plaintiff alleges that he was taken from his unit and locked away after refusing to take a T.B. test. Plaintiff claims that although he had already undergone treatment for T.B. and had been warned never to take the test or medication again and had paperwork to prove this, he was forced to take the test and the medication. Plaintiff does not allege any injury. A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference to support an Eighth Amendment claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Accordingly, the court finds that count XII fails to state a claim upon which relief can be granted.

### N. Count XIII

In count XIII, plaintiff alleges verbal abuse related to having a staff infection. Plaintiff's claim of verbal harassment is insufficient to state a 42 U.S.C. § 1983. To the extent that plaintiff alleges a lack of medical care, this claim is duplicative of count I. Count XIII will be dismissed on that basis.

### O. Count XIV

In count XIV, plaintiff alleges that he suffers every day as a result of unsanitary conditions and lack of medical treatment. This count is duplicative of counts I and II, and will be dismissed on that basis.

### P. Count XV

In count XV, plaintiff alleges that Dr. Gedney has altered his diet without conducting an examination of his condition. Plaintiff alleges that this has negatively affected his diabetes, and was done as a direct act of retaliation and a deliberate threat to his life and limbs. The court finds that these allegations amount to a claim of deliberate indifference to a substantial risk of serious harm. Thus, the court finds that count XV states a colorable Eighth Amendment claim based on conditions

of confinement.

Q. **Count XVI**

In count XVI, plaintiff alleges that on 1-20-09 he went to the RMF seeking help for symptoms of high blood sugar and was told that he had to wait for a while. Plaintiff then left. These factual allegations do not state an Eighth Amendment medical care claim. Plaintiff also alleges that he was issued "tainted poison" toothpaste while he was at Lovelock. He claims that after some months use, it was recalled. Plaintiff does not allege deliberate indifference by any defendant or the existence of a substantial risk of serious harm. The court finds that count XVI fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** the Clerk of the Court shall **FILE** the complaint. (Docket #1-1.)

**IT IS FURTHER ORDERED** that defendant the State of Nevada is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that counts III, IV, V, VI, VII, VIII, IX, X, XI, XII, and XVI are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that counts XIII and XIV are **DISMISSED** as duplicative.

**IT IS FURTHER ORDERED** that this action shall go forward on counts I, II and XV only.

**IT IS FURTHER ORDERED** that plaintiff's motion for assignment of service (docket #8) and motion for case copy (docket #9) are **DENIED** as moot.

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint (docket #1-1) on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp.**

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants. As to any of the named defendants for which the Attorney General's Office cannot accept service, the

Office shall file, *under seal*, the last known address(es) of those defendant(s).

     3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

     4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

     5. The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

     **IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate showing proper service.

     DATED this 7th day of October, 2010.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

```
_____
Name
_____
Prison Number (if applicable)
_____
Address
_____

_____
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

_____,  )   Case No. _____
              Plaintiff,           )
                                   )
v.                                 )   **NOTICE OF INTENT TO**
                                   )   **PROCEED WITH MEDIATION**
_____    )
                                   )
_____    )
              Defendants.          )
_____    )

 This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.  Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2.  If no, please state the reason(s) you do not wish to proceed with mediation? _____
    _____
    _____
    _____

3.  List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).
    _____
    _____
    _____

4.  List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).
    _____

11

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before twenty (20) days from the date of entry of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this _____ day of _____, 2010.

_____
Signature

_____
Name of person who prepared or
helped prepare this document